**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN JEREMIAS GARCIA GONZALEZ,

Petitioner,

v.

DEP'T OF HOMELAND SEC., et al.,

Respondents.

Case No. 5:26-cv-05021-SK

**ORDER DISMISSING HABEAS PETITION**

A-File No. 201-86-667

Petitioner Kevin Jeremias Garcia Gonzalez, an immigration detainee at the Adelanto ICE Processing Center, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. But a habeas petition must specify the grounds for relief and state the facts supporting each ground. *See* Rule 2(c), Rules Governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). The original petition here fell far short of that pleading standard, so petitioner was given 30 additional days to file a first amended petition on the court's standard form for immigration habeas matters. That deadline has now passed, however, with nothing filed by petitioner.

* * *

This habeas action is thus dismissed without prejudice. *See* Rule 4 of Rules Governing Section 2254 Cases; 28 U.S.C. § 2243; Fed. R. Civ. P. 41(b); Local Rule 41-1. Judgment will be entered accordingly.

Meanwhile, this court retains jurisdiction to enforce or reopen judgment, and to entertain a successive habeas petition claiming that petitioner is detained within this district in violation of federal law under § 2241. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: October 26, 2026

STEVE KIM
United States Magistrate Judge